Morris Slifkiu, J.
Ben and Dorothy Mendelson are an aged, disabled couple who have maintained their apartment and modest existence in the City of Mt. Vernon, New York, for many years, with the help of social security and public assistance payments. Prior to October 1, 1972, they received from the Department of Social Services of the County of Westchester (hereafter, the “ agency ”) a monthly grant to augment their social security payments consisting of food stamps, housekeeping services and a cash supplement of $24. On October 1, 1972 the Federal Government implemented a 20% increase in social security payments. The Mendelsons were thereafter notified by the agency that they would be required to remit $20 of their increased social security income monthly if they wished to continue obtaining homemaking or housekeeping services. This decision, as explained by the agency’s letter of January 18,1973 was based upon a finding that with the 20% increase in social security payments, the Mendelsons ’ total monthly allowance would exceed, by $21.10, the maximum budget set for them by the agency and would thus render them ineligible for publicly assisted housekeeping services, medical assistance and food stamps.
Mr. Mendelson sought a statutory “ fair hearing ”, which was held before Robert R. Ranni, hearing officer in White Plains, New York, on March 19, 1973. Based upon the record made there, State Commissioner Abe Lavine made his determination in writing, dated April 19,1973 which: (1) affirmed the agency’s decision to discontinue housekeeping services and food stamps to the Mendelsons; and (2) reversed that part of the agency’s decision as would discontinue medical assistance to them.
Mr. Mendelson, by the Legal Aid Society of Westchester County, seeks judgment pursuant to article 78 of the CPLR: (1) annulling so much of the respondent’s (Lavine) determination as would deprive petitioner of housekeeping and food stamp assistance on the grounds of arbitrariness and illegality^ (2) directing the respondent (Berman) to provide these services; *351 and (3) restraining the respondent (Berman) from requiring petitioner to pay $20 monthly therefor without first proceeding according to law.
The dispositive issue before this court involves review of the method employed by the agency in calculating petitioner’s monthly needs as measured against his resources. In precise terms, the legal question is whether the cost of providing housekeeping services to the Mendelsons should have been included in their monthly budget as a special need item. Had that been done, no “ surplus ” would appear available.[1]
Respondents’ return reflects the petitioner’s testimony indicating need for a housekeeper once a week to assist him in caring for his disabled wife. There is no opposition present on the record to refute the fact. Hearing Officer Ranni notes, in his recommendation report, that in computing the Mendelsons' monthly budget the agency failed to allow homemaker service as an item of need. As a result, Mr. Ranni made no recommendation, leaving the question open for the Commissioner to determine for himself. The latter, as noted supra, decided that the agency correctly determined the petitioners’ budget.
There are two major factors present which compel the annulment of the respondents’ determination. First, section 131-a of the Social Services Law (subd. 6, par. [d]) permits the agency to make housekeeping services available to a recipient of public assistance who is not able to perform housekeeping tasks when these services are not provided by the agency’s own staff. Indeed, prior to the increase in petitioner’s social security allowance, housekeeping services have been provided to him for many years. Thus, this item has been considered in the past as one of essential need. Second, by its terms (18 NYCRR 352.1), section 352.2 of the regulations of the Depart *352 ment of Social Services, requires the agency to employ such standards in determining eligibility for public assistance which require inclusion of recurring monthly needs, a shelter allowance and the cost of housekeeping services for persons who, because of their circumstances, require this service.
Mr. Mendelson is 74 years old. His wife, 65 years old, has suffered severe cerebral hemorrhages resulting in partial blindness and general disability. There can be no cavil with petitioner’s need for the service of a housekeeper, certainly not on a once-a-week basis. Respondents do not say there is no need; rather, they argue (in view of the agency’s budgetary calculation) petitioner is able and should thus be required to remit some of the cost of such service. Further, they contend that section 131-a (subd. 6, par. [d]) of the Social Services Law is discretionary and permits the agency to exact “ surplus ” remittance from the petitioner as a condition precedent.
The court finds a weighty inconsistency in respondents’ posture at bar compared to the course of conduct adopted and followed for years by the agency vis-a-vis the Mendelsons. Having regularly supplied them with housekeeping services (obviously deemed essential by the agency), it now appears that this same item has been disregarded entirely in arriving at the total Mendelson need. Looking at the standard promulgated by the regulation (18 NYCRR 352.1), it is plain that the agency erred in determining the total need by excluding the very item previously regarded by it as an essential service. Buttressing this observation is the provision in the regulations which defines, for the present purpose, the standard of need (18 NYCRR 352.29 [c]): “ An individual or family shall be deemed in need when a ‘ budget deficit ’ exists or when the [1] budget surplus ’ is inadequate to pay for a service required by the case circumstances ”.
The record reflects respondents’ implicit concession of petitioner’s need for housekeeping services. Even if the respondents’ calculation is adopted as proper, petitioner shows a ‘ ‘ surplus ’ ’ of $21.10 a month clearly inadequate to pay for the service required here ($86-$90 a month), which must foster the result that the item be included, ab initio, in the budget calculation. Since that was not done, the determination made is in error and not compatible with the statutory scheme announced by the Legislature in subdivision 2 of section 131 of the Social Services Law, which seeks to lend cohesiveness and dignity to families afflicted by poverty.
The court does not believe it necessary to further elaborate upon the other reasons it has considered as they command the *353 same conclusion. Accordingly, the petition is sustained, and the respondent’s (Lavine) determination, insofar as it has been challenged, is annulled as arbitrary and illegal; the respondent Berman is directed to reinstate all services previously rendered to the petitioner without requiring the present remittance by petitioner of $20 a month and is further directed to refund all such sums previously accepted from the petitioner within 20 days of service upon him or his agent of a copy of the judgment to be submitted hereon with notice of entry.
Submit judgment on notice.

Petitioner’s total monthly income —
Social Security............................. $284.10
Less amount to be disregarded per 18 NYCRR 352.18.................................. -23.00
+$261.10
Agency’s Monthly budgeted need
Basic Allowance (18 NYCRR 352.2[d])........ $134.00
Rent..................................... 86.00
Aid to disabled person (18 NYCRR 352.7 [f] |21) 20.00
-$240.00 “surplus” = $21.10
(not included by agency)
Housekeeper service (lx per week: $86. + carfare) 90.00
-$330.00 . “deficit” = $68.90